IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 21 2017
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**ROLAND KIM**                                                    PLAINTIFF

vs.              No. _3:17-cv-00224 BSM_

This case assigned to District Judge __MILLER__
and to Magistrate Judge __HARRIS__

**TA OPERATING LLC d/b/a
TRAVELCENTERS OF AMERICA; and
KENOSHA BEEF INTERNATIONAL, LTD.**          **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Roland Kim by and through his attorneys, The Brad Hendricks Law Firm and for his Complaint against the defendants, states:

### PARTIES

1. Roland Kim was at all times relevant hereto a resident Dacula, Georgia.

2. Defendant TA Operating, LLC, is a business entity organized under the laws of the state of Delaware and does business under the fictitious name of TravelCenters of America (hereafter "TravelCenters"). It is licensed to do business in the State of Arkansas. It operates a TravelCenter in Earle, Crittenden County, Arkansas and owns a Burger King franchise therein where the events herein took place. Defendant is not headquartered in Arkansas. Defendant's agent for service is Corporation Service Company, 300 Spring Building, Suite 900, 300 Spring Street, Little Rock, AR 72201.

3. Defendant Kenosha Beef International, Ltd ("Kenosha") is a Wisconsin corporation headquartered in Kenosha, WI. Kenosha is a meat processing company which provides, among other things, hamburger meat and patties to restaurants, including the Burger King operated by Defendant TravelCenters in Earle, AR. Defendant's agent for service is Jerome D. King, 3111 152nd Ave, Suite 639, Kenosha, WI, 53141.

4. The subject matter of this action concerns tortious injury occurring in Earle, Crittenden County, Arkansas.

## JURISDICTION AND VENUE

4. Based upon the allegations in Paragraphs 1 through 4 of this Complaint, complete diversity of citizenship exists between Plaintiff and all of the Defendants. The unliquidated damages sought by Plaintiff in this case exceed $75,000.00. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). Further, this Court retains supplemental jurisdiction over any other incidental and supplemental claims pursuant to 28 U.S.C. § 1367. Based on the accident occurring in Crittenden County, Arkansas, venue is also proper in this Court

## FACTS AND CAUSES OF ACTION

5. On June 26, 2016, Plaintiff, while traveling through Arkansas, stopped at the TravelCenter location in Earle, Arkansas where he purchased a burger at the Burger King operated therein. Plaintiff bit into the burger, and unbeknownst to Mr. Kim, it contained a large piece of bone, sufficient in size to break his number 12 tooth completely in half. As a result, Mr. Kim suffered pain and had to have the tooth removed and replaced with a dental implant. Since the incident Mr. Kim continues to suffer pain and discomfort, and faces the likelihood that the implant will need to be replaced in the future.

6. Plaintiff respectfully asserts that the negligence of both TravelCenters and Kenosha, combined and concurred, was the proximate cause of Plaintiff's damages. Said negligence consisted of, but is not limited to, the following acts or omissions on the part of each defendant:

(a) Selling or supplying into the chain of commerce a product (hamburger/hamburger meat)that contained a bone in it, sufficient to cause significant injury;

(b) Failing to adequately inspect the hamburger/hamburger meat before it was inserted into the chain of commerce and/or then prepared to consumption by customers who would not reasonably be able to know or expect the presence of a piece of bone in the product sufficient to cause injury to the customer;

(©) Failing to use ordinary care in the preparation, inspection, sale (wholesale and retail) of the product; and

(d) Any other acts or omissions as the proof of the case may bear out yet are currently unknown.

7. Further, Plaintiff is entitled to a jury instruction on Res Ipsa Loquitur, in addition to the previously mentioned acts of negligence for the following reasons:

(A) Defendants owed a duty or ordinary care to Plaintiff by virtue of his status of an expected customer in the chain of commerce and ordinary course of business;

(B) The incident was caused by an instrumentality that was in the exclusive control of either or both defendants at the relevant times;

(©) The incident that caused Plaintiff's injuries was one that, in the normal course of events, would not have occurred had either, or both, Defendants, who exercised control over the hamburger/hamburger meat used proper care in its processing, inspection, preparation and sale; and

(D) No other entity but the Defendants were responsible for exercising dominion and control over the hamburger/hamburger meat in question.

8. Furthermore, Plaintiff claims damages from the defendants on the basis that this food product was not merchantable, nor was it fit for the particular purpose for which it

3

was intended, which was safe consumption by a consumer. Accordingly, defendants have breached the implied warranties of merchantability and fitness for a particular purpose, resulting in injury to the Plaintiff.

**DAMAGES**

9. As a proximate result of the above, Plaintiff has sustained the following injuries and damages:

    (a) permanent physical injury;

    (b) pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (c) medica/dental expenses incurred in the past and reasonably certain to be I incurred in the future,;

10. Plaintiff demands a trial by jury and that he be awarded as sum in excess of the minimum amount for federal diversity jurisdiction ($75,000).

WHEREFORE, Roland Kim prays upon trial of this matter that she be awarded judgment against the defendants in an amount which will reasonably and sufficiently compensate him for all injuries sustained as a result of the collision in an amount in excess of the minimum amount for federal diversity jurisdiction; furthermore, he demands a trial by jury, together with all other relief to which he may be entitled under Arkansas Law.

Respectfully submitted,

**The Brad Hendricks Law Firm**
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444

BY: _____
Christopher R. Heil  (ABN 92128)
*cheil@bradhendricks.com*

5